**FILED**
**Mar 02, 2023**
**08:01 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Jeannette Melton,** | ) | **Docket No.: 2020-01-0376** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Amazon.com Services, LLC,** | ) | **State File No.: 45066-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **American Zurich Insurance Company,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

## EXPEDITED HEARING ORDER
### *(DECISION ON THE RECORD)*

---

Ms. Melton asked the Court to order Amazon to provide a panel of physicians in New Orleans, Louisiana. Amazon denied that Ms. Melton is entitled to a panel based on a records review evaluation, and it also took issue with her its obligation to offer care by a neurologist in the requested locale. For the reasons below, the Court holds Ms. Melton is entitled to a panel of physicians in New Orleans.

## Claim History

On June 3, 2020, a box weighing approximately five to ten pounds fell from a bin and struck Ms. Melton on her head. After receiving emergency treatment, Ms. Melton selected Dr. Natasha Ballard from a panel. Dr. Ballard diagnosed a work-related concussion, treated her conservatively, and referred her to Dr. Larry Gibson, a neurologist.

Dr. Gibson also treated Ms. Melton conservatively after diagnosing a concussion and acute, post-traumatic headaches. Amazon denied an EEG ordered by Dr. Gibson for evaluation of possible seizure activity. It also denied additional physical therapy for her neck based on utilization review.

After almost a year, Ms. Melton still complained to Dr. Gibson of ongoing headaches, neck pain, and difficulty performing daily activities. She reported that

1

"[n]othing has changed." In August 2022, Dr. Gibson completed a Final Medical Report and wrote that Ms. Melton needed future medical treatment for the work injury.

Ms. Gibson moved to New Orleans, Louisiana and requested that Amazon provide her with a physician in her community.

After Ms. Gibson moved, Dr. Jeffrey Hazlewood, a pain management physician, performed a records review evaluation for Amazon. He diagnosed Ms. Melton with a mild traumatic brain injury. Dr. Hazlewood disagreed with Dr. Gibson's recommendation for future treatment, stating he anticipated post-injury symptoms to resolve within six months. He concluded he was unable to "state that the ongoing symptoms, more likely than not, based on the record review, are still due to mild traumatic brain injury." (Emphasis in original).

In its position statement, Amazon wrote that it provided a panel of physicians to Ms. Melton on February 22, 2023. It asserted its search for neurologists in Ms. Melton's area was unsuccessful due to the Tennessee Medical Fee Schedule. Instead, it said: "For purposes of quickly and efficiently determining the reason(s) for [Ms. Melton's] continued lack of improvement, [Amazon] contacted a number of occupational physicians instead, who accept Tennessee workers' compensation patients."

**Findings of Fact and Conclusions of Law**

Ms. Melton must prove she is likely to prevail at a hearing on the merits that she is entitled to a panel in her new community. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2022).

To meet this burden, Ms. Melton must show, to a reasonable degree of medical certainty, that the accident contributed more than fifty percent in causing the need for additional medical treatment, considering all causes. Tenn. Code Ann. § 50-6-102(12). The statutory presumption of correctness regarding causation and treatment recommendations does not attach to Dr. Gibson, since he was not selected from a panel. *Id.*; Tenn. Code Ann. § 50-6-204(A)(1)(I).

Applying that standard, the Court considers the expert opinions of Drs. Gibson and Hazlewood. Dr. Gibson wrote on a Final Medical Report that Ms. Melton needs future treatment for her work injury. Dr. Hazlewood concluded that Ms. Melton's ongoing symptoms are not related to her work injury. He stated he expected post-injury symptoms from a concussion to resolve within six months.

In evaluating conflicting expert testimony, a trial court may consider, among other things, "the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information

2

through other experts." *Brees v. Escape Day Spa & Salon,* 2015 TN Wrk. Comp. App. Bd. LEXIS 5, at \*14 (Mar. 12, 2015).

After considering these factors, the Court finds the opinion of Dr. Gibson more persuasive than Dr. Hazlewood's. Dr. Gibson, a neurologist, treated Ms. Melton for almost a year for acute, post-traumatic headaches caused by her work-related concussion. On the other hand, Dr. Hazlewood, a pain management physician, did not examine Ms. Melton but only performed a record review over two years after the incident. Therefore, the Court holds Ms. Melton is likely to prove at trial that she is entitled to additional medical benefits.

Next, the Court considers Ms. Melton's request for a panel of neurologists in New Orleans, Louisiana. Tennessee Code Annotated section 50-6-204(a)(3)(A)(i) requires that an employer "*shall* designate a group of three (3) or more independent reputable physicians . . . *if available in the injured employee's community*." (Emphasis added).

Here, Amazon asserted a dispute no longer exists; the Court disagrees. Amazon did not offer Ms. Melton a valid panel of neurologists within her community. Instead, it offered her a panel of occupational physicians to determine "the reason(s) for [Ms. Melton's] continued lack of improvement." However, Ms. Melton's first authorized physician did not refer her to an occupational medicine specialist, but to a neurologist, and Amazon has no legal basis to override that referral. Its late-offered panel of occupational physicians does not comply with its obligation to furnish appropriate and necessary medical care for Ms. Melton's injury as required by Tennessee Code Annotated section 50-6-204. The Court holds that Ms. Melton is likely to prevail at a hearing on the merits regarding this request.

Finally, Amazon failed to timely provide Ms. Melton with a panel of neurologists within her community, which delayed Ms. Melton in receiving ongoing medical treatment. Therefore, the Court refers this case to the Compliance Program for consideration of penalty assessments stemming from Amazon's failure to provide a compliant panel and failure to continue to provide medical benefits, as well as any other applicable penalties. *See* Tenn. Code Ann. § 50-6-118.

**IT IS, THEREFORE, ORDERED** as follows:

1. Amazon shall provide Ms. Melton a neurologist panel located in New Orleans for her work injury under Tennessee Code Annotated section 50-6-204 on or before March 31, 2023.[1]

---

[1] An employer may request a waiver from the Bureau permitting it to pay a physician according to the medical fee schedule, law, and rules governing the physician's jurisdiction. Tenn. Comp. R. & Regs. 0800-02-17-.18 (February 2018).

2. The case is referred to the Compliance Program for investigation as outlined above.

3. This case is set for a Status Hearing on Wednesday, May 3, 2023, at 1:30 p.m. Eastern Time. The parties must call 423-634-0164 or toll-free at 855-383-0001 to participate. Failure to call might result in a determination of the issues without the party's participation.

4. Unless interlocutory appeal of this Expedited Hearing Order is filed, compliance with this Order must occur by seven business days of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance by email to WCCompliance.Program@tn.gov by the compliance deadline. Failure to do so may result in a penalty assessment for non-compliance.

5. For compliance questions, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED March 2, 2023.**


_Audrey Headrick_____
**Audrey A. Headrick**
**Workers' Compensation Judge**

## APPENDIX

Exhibits:
1. Rule 72 Declaration of Ms. Melton
2. Medical records of Dr. Natasha Ballard
3. Medical records of Dr. Gibson
4. Independent Medical Evaluation of Dr. Hazlewood
5. First Report
6. Job Description
7. Panel
8. Email from Amazon to Ms. Melton

Technical record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Show Cause Order
4. Order on Show Cause Hearing
5. Request for Expedited Hearing
6. Employer's Response to Employee's Request for Expedited Hearing
7. Docketing Notice

## CERTIFICATE OF SERVICE

I certify that a copy of this Expedited Hearing Order was sent as indicated on March 2, 2023.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Jeannette Melton, Employee | | X | jeannettek1@bellsouth.net |
| C.J. Statham, Employer's Attorney | | X | cjstatham@mijs.com |
| Compliance Program | | X | WCCompliance.Program@tn.gov |

/s/Penny Shrum        w/permission JD

Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov